IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE SIMPSON,

                Petitioner,

v.                                                                                          OPINION and ORDER

WARDEN PAULA STOUDT and                                         25-cv-714-jdp
WARDEN PETER J. JAEGER,

                Respondents.

---

WILLIE SIMPSON,

                Plaintiff,

v.                                                                                          OPINION and ORDER

GOV. TONY EVERS, WARDEN PAULA STOUDT,                25-cv-818-jdp
JARED HOY, and
ATTORNEY GENERAL JOSHUA KAUL,

                Defendants.

---

Willie Simpson, proceeding without counsel, is incarcerated at Wisconsin Secure Program Facility. Simpson has filed these two lawsuits in which he contends that he is being imprisoned unlawfully because the criminal statutes under which he was convicted were later repealed. His pleading in Case No. 25-cv-714-jdp is styled as a petition for writ of habeas corpus under 28 U.S.C. § 2254. His pleading in Case No. 25-cv-818-jdp is styled as a civil-rights complaint.

Simpson is currently subject to two filing bars issued by the Court of Appeals for the Seventh Circuit. *Simpson v. Litscher*, No. 20-3293, 2021 WL 2206439 (7th Cir. Mar. 19, 2021) (barring him from filing any papers except habeas petitions and motions in criminal cases);

*Simpson v. Boughton*, No. 23-2638 (7th Cir. Sept. 18, 2023) (barring him from filing any collateral attack on his Wisconsin criminal convictions or sentences).

Simpson also moves for my recusal, Dkt. 8 in the '714 case and Dkt. 4 in the '818 case, arguing that I and all of the other judges of the circuit are biased against him because of the sanctions orders. But it is my duty to interpret and apply the court of appeals' orders; my doing so does not indicate bias against Simpson. Nor do any of my previous rulings dismissing Simpson's previous cases show bias against him. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). So I will deny Simpson's motions for my recusal.

Before considering the merits of Simpson's pleadings, I must determine whether the court of appeals' sanctions orders apply to them. Simpson's civil-rights complaint in the '818 lawsuit is clearly barred by the 2021 sanctions order, so I will dismiss that case.

As for Simpson's habeas petition in the '714 case, he is barred from directly challenging the validity of his convictions or sentences. Simpson contends that he is not actually challenging his convictions or sentences, and he attaches a court of appeals decision from a previous failed attempt at filing a successive habeas petition regarding his convictions stating ". . . to the extent that Simpson means to challenge, for the first time, the recent actions of prison officials, he does not need our authorization under § 2244(b) to file a first federal petition in the district court." *Simpson v. Radtke*, No. 22-2086 (7th Cir. July 13, 2022). I take him to be saying that similarly, the court of appeals' 2023 habeas sanctions order doesn't bar him from challenging current actions by prison officials resulting in his unlawful incarceration.

I agree with Simpson's interpretation of the 2023 habeas sanctions order. But the thrust of his current habeas petition is that prison officials are unlawfully incarcerating him because his convictions are no longer valid. Casting his claim as one about the actions of his jailers does

2

not change the fact that Simpson is yet again challenging the validity of the convictions under which he is imprisoned. Because his current habeas petition is really a collateral attack on his convictions barred by the court of appeals' 2023 habeas sanctions order, I will dismiss the '714 case.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The court should issue a certificate when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). I decline to issue a certificate in the '714 case because no reasonable jurist would debate that Simpson is barred from filing his petition.

ORDER

IT IS ORDERED that:

1. Willie Simpson's motions for my recusal, Dkt. 8 in the '714 case and Dkt. 4 in the '818 case, are DENIED.

2. These cases are DISMISSED under the court of appeals' sanctions orders.

3. Simpson is DENIED a certificate of appealability in the '714 case.

4. The clerk of court is directed to enter judgment accordingly and close the cases.

Entered October 27, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge